PER CURIAM.
 

 This ease presents an interlocutory appeal from an order of the district court affirming the bankruptcy court’s denial of Heller’s motion to dismiss for failure to state a cause of action. Although neither party raised the issue in its briefs,
 
 *
 
 we have determined that this court lacks jurisdiction and, therefore, dismiss the appeal.
 

 On May 13, 1974, Lewis filed a petition for a Chapter XI arrangement. Accompanying the petition was a schedule of Lewis’ then existing debts naming Heller as a secured creditor which was owed $25,759.39. Lewis’ indebtedness to Heller was secured by Lewis’ accounts receivable and inventory pursuant to two security agreements.
 

 On May 28, 1974, Lewis initiated an adversary proceeding against Heller by filing a complaint pursuant to part VII of the Rules of Bankruptcy Procedure. In its complaint, Lewis alleged
 
 inter
 
 alia: (1) Heller’s security agreements were unconscionable as a matter of law; (2) Heller was retaining too great a portion of Lewis’ accounts receivable so that Lewis had insufficient working capital to carry out its normal business operations; and (3) Lewis could not prepare or effectuate a satisfactory plan of arrangement unless Heller terminated its security interests. Heller filed a motion to dismiss on the ground that Lewis’ complaint failed to state a cause of action upon which relief could be granted.
 

 On April 4, 1975, Lewis filed a proposed plan of arrangement which it amended on August 27, 1975. On September 4, 1975, the bankruptcy court entered an order confirming the plan of arrangement.
 

 On June 22, 1976, the bankruptcy court,
 
 sua sponte,
 
 ruled on Heller’s motion to dismiss, denying the motion and ruling that a hearing was necessary to determine whether Heller’s security agreements with Lewis were unconscionable. Heller appealed that order to the United States District Court for the Eastern District of Kentucky pursuant to Bankruptcy Rule 801 contending that the bankruptcy court, having confirmed the plan of arrangement, was without subject matter jurisdiction and, in the alternative, if it did have jurisdiction, the order was erroneous since the complaint failed to state a claim. On December 7, 1978, the District Court affirmed the bankruptcy court’s order. Heller then appealed to this court.
 

 This appeal is governed by Section 24(a) of the old Bankruptcy Act, 11 U.S.C. § 47(a) (now superceded by the Bankruptcy Act of 1978). Appeals from interlocutory, as well as final, orders are allowed in “proceedings in bankruptcy,” but appeals from final orders only are allowed in “controversies arising in proceedings in bankruptcy.” Although this distinction is not clear from the face of the statute, it is the settled judicial interpretation.
 
 In re Merle’s, Inc.,
 
 481 F.2d 1016 (9th Cir. 1973).
 

 The first determination is whether this case is a “proceeding” or a “controversy.” Although the distinction between the two is sometimes difficult to determine, the following rule of thumb has been adopted by many courts and commentators, and we adopt it now.
 

 
 *544
 
 “Proceedings” are generally described as those matters of an administrative character, including questions between the bankrupt and his creditors which are presented in the ordinary course of the administration of the bankrupt’s estate. [Citations omitted.] “Controversies” are usually described as arising in the course of the bankruptcy proceeding and not being mere steps in the ordinary administration of the bankrupt, but which present distinct and separable issues between the trustee and adverse claimants concerning the right and title to the bankrupt’s estate. [Citation omitted.]
 

 United Kingdom Mutual Steamship Assurance Ass’n v. Liman,
 
 418 F.2d 9, 10 (2nd Cir. 1969).
 

 It is evident that the appeal in the present case is from a “controversy” and not a “proceeding.” As an ancillary part of its Chapter XI arrangement, Lewis filed an adversary action against Heller to have certain security agreements declared unconscionable. That action did not present a matter in the ordinary course of the administration of the bankrupt’s estate, but presented a distinct and separable issue between the debtor in possession and the secured creditor. As the Ninth Circuit stated recently in
 
 Matter of Brissette,
 
 561 F.2d 799 (9th Cir. 1977), “proceedings” involve interpretations of the Bankruptcy Act, whereas “controversies” involve disputes between trustees (or debtors in possession) and third parties over title to assets involving the property and procedural laws of creditors’ rights. The dispute between Lewis and Heller involves only the validity of a security agreement. The dispute ended up in bankruptcy court only as an incident of Lewis’ decision to file for a Chapter XI arrangement.
 

 As stated, it is settled that appeals from interlocutory orders are not allowed in “controversies arising in proceedings in bankruptcy.” It is clear that the denial of a motion to dismiss is not a final order. Since this appeal is from an interlocutory order in a controversy arising in a proceeding in bankruptcy, this court lacks jurisdiction to hear the appeal.
 

 For the reasons stated above the appeal is hereby dismissed with costs against appellant.
 

 *
 

 This court raised the question of appellate jurisdiction
 
 sua sponte
 
 at oral argument, and counsel for Heller was prepared to argue and did argue on this issue.